# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZLYNNE HOARD, *individually and on behalf of herself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A,<br><br>Defendants. | Case No.: 3:24-cv-01133-MMA-VET<br><br>**ORDER GRANTING ORAL MOTION AND ISSUING AMENDED SCHEDULING ORDER**<br><br>[Doc. No. 43] |

Before the Court is the Plaintiff's Oral Motion to Extend Scheduling Order by 30 Days ("Motion"). Doc. No. 43. For the reasons stated below and based on the parties' representations during the Status Conference, the Court **GRANTS** the Motion and **ISSUES** an Amended Scheduling Order.

## I.   JOINT MOTION AND PROCEDURAL BACKGROUND

On January 31, 2025, the Court issued the initial Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Doc. No. 28. On April 28, 2025, the Court held a Status Conference with the parties to check in on the progress of discovery. Doc. No. 40. At the Status Conference, the parties represented they have already completed extensive discovery, but still need to complete approximately five depositions before the

deadline to file a motion for class certification. Plaintiff moved for a 30-day extension of all deadlines and the Defendant stated no objection to the motion.

## II.    LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A *Wright, Miller & Kane, Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* "If the moving party was not diligent, the inquiry should end." *Id.*; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the Parties to meet current deadlines and reasons why the Parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

### III. DISCUSSION

The basis for the Plaintiff's request stems primarily from a need to complete depositions and a slight delay due to a discovery dispute. The parties have been diligent in meeting case deadlines and represented to the Court that they have exchanged thousands of documents and completed a great deal of written discovery. The parties have completed all 30(b)(6) depositions and have been diligent in getting the outstanding depositions scheduled. Based on the parties' representations to the Court, and good cause appearing, the Court **GRANTS** the Motion.

### IV. AMENDED SCHEDULING ORDER

The Court **AMENDS** the operative scheduling order (Doc. No. 28) as follows:

1. Plaintiff(s) must file a motion for class certification by **July 30, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

2. In the event the parties believe a settlement conference before Magistrate Judge Valerie E. Torres would be productive prior to the filing of a motion for class certification, the parties shall jointly contact the Court via email (efile_Torres@casd.uscourts.gov) to schedule a Settlement Conference.

3. All fact discovery shall be completed by all parties by **September 2, 2025**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures

governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

4. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on <u>September 11, 2025</u> at <u>9:30 a.m.</u> before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

    b. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain

the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

        c.    **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

        d.    **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

        e.    **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

    5.    The parties shall designate their respective experts in writing by **October 2, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained

---

    authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

experts. The parties shall designate rebuttal experts in writing by **October 16, 2025**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

6.  By **November 17, 2025**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

7.  Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **December 1, 2025**.

8.  All expert discovery shall be completed by all parties by **January 5, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

9.  All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **February 5, 2026**.[4] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

---

[4] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

10. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 9, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

11. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

12. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

15. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: April 28, 2025

Honorable Valerie E. Torres
United States Magistrate Judge