UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZLYNNE HOARD and CHIQUITA PLENTY, *individually and on behalf of themself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A,<br><br>Defendant. | Case No.: 3:24-cv-01133-JLS-VET<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**<br><br>**[Doc. No. 59]** |

Before the Court is Plaintiffs' Motion for Alternative Service ("Motion"). Doc. No. 59. Therein, Plaintiffs seek leave to serve a Rule 45 Subpoena upon a third party, Jay Kim, by alternate means, specifically, via certified mail to Mr. Kim's home address. *Id*. at 2. Defendant Capital One did not respond to the Motion. For the reasons stated below, the Court **GRANTS** the Motion.

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. Rule 45(b)[1] provides that "[s]erving a subpoena requires delivering a copy to the named

---

[1]   All references to a "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

1

1  person[.]" Fed. R. Civ. P. 45(b)(1). The majority rule is that Rule 45 requires personal service, as opposed to service by mail. *See Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) ("service by mail rather than by personal service" of subpoena duces tecum on defense witnesses held improper); *see also In re: Ex Parte Appl. of Pro-Sys Consultants & Neil Godfrey*, 2016 U.S. Dist. LEXIS 142735, at *1 (N.D. Cal. Oct. 14, 2016) (collecting cases).

However, service of a Rule 45 subpoena via alternative methods, such as mail delivery, may be available pursuant to court order. *See In re Pro-Sys Consultants*, 2016 U.S. Dist. LEXIS 142735, at *2 (collecting cases); *Khan v. Rogers*, 2018 U.S. Dist. LEXIS 190884, at *4 (N.D. Cal. Nov. 6, 2018) (recognizing trend permitting service by mail pursuant to court order). Importantly, alternative service is available only "where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, 2015 U.S. Dist. LEXIS 135871, at *5 (N.D. Cal. Oct. 5, 2015).

## II. DISCUSSION

Jay Kim is a former Capital One employee with purported knowledge of Defendant's Cash Advance Fee policies and practices during the relevant class period. Doc. No. 59 at 2. As such, Plaintiffs assert that he is critical to establishing Defendant's liability and seek to depose him. *Id.* Plaintiff attempted, without success, to personally serve Mr. Kim at his personal residence with a Rule 45 subpoena on three separate occasions. *Id.* On two occasions, the concierge at the residence contacted Mr. Kim, who indicated that he was not present or out of town. *Id.* at 2–3. Plaintiffs' process server left a door notice with the concierge on at least one occasion, and in all three instances, the concierge denied the process server access to Mr. Kim's unit. *Id.* On the final attempt at personal service, the concierge denied the posting of documents on Mr. Kim's door. *Id.* at 3.

Under these circumstances, it appears that Mr. Kim is evading personal service. Through communications from his concierge, Mr. Kim received notice of the attempts to serve him with legal process yet has made no accommodations to facilitate such service.

His concierge has similarly resisted efforts to accomplish service by denying access to Mr. Kim's unit and posting of notices. Moreover, Plaintiffs have been diligent in their attempts to serve Mr. Kim via personal service. Accordingly, the Court **GRANTS** the Motion.

### III.   CONCLUSION

The Court **GRANTS** the Motion and gives Plaintiffs **LEAVE** to serve a Rule 45 Subpoena upon Jay Kim via certified mail to his home address.

**IT IS SO ORDERED**.

Dated:  September 9, 2025

Honorable Valerie E. Torres
United States Magistrate Judge