1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10
11  AZLYNNE HOARD and CHIQUITA          Case No.:  24-CV-1133 JLS (VET)
    PLENTY, individually and on behalf of
12  themselves and all others similarly   **ORDER DENYING MOTIONS TO**
    situated,                            **SEAL**
13
                            Plaintiffs,   (ECF Nos. 60, 76, 79, 82)
14
15  v.
16  CAPITAL ONE, N.A.,
17                          Defendant.
18

19        Presently before the Court are various motions for leave to file documents under seal
20  in this matter: (1) Plaintiffs Azlynne Hoard's and Chiquita Plenty's Motion for Leave to
21  File Documents Under Seal Regarding Plaintiffs' Motion for Class Certification ("Mot. to
22  Seal re Class Cert.," ECF No. 60); (2) Defendant Capital One, N.A.'s Motion for Leave to
23  File Documents Under Seal Regarding Defendant's Opposition to Plaintiffs' Motion for
24  Class Certification ("Mot. to Seal re Opp'n," ECF No. 76); (3) Defendant's Motion for
25  Leave to File Documents Under Seal Regarding Defendant's Motion to Exclude Plaintiffs'
26  Expert Prof. Ronald J. Mann ("Mot. to Seal re Mot. to Exclude," ECF No. 79); and (4)
27  Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's
28  Motion to Strike Plaintiffs' Deposition Errata ("Mot. to Seal re Mot. to Strike,"

ECF No. 82).

Given the overlap in issues related to this matter and mutual deficiencies in the Parties' motions to seal, the Court finds it appropriate to address the motions to seal in tandem.  Having considered the law and the Parties' motions, the Court **DENIES** the motions to seal (ECF Nos. 60, 76, 79, 82).

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id.*  Under either standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 589, 599.

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (internal citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The movant must make this required particularized showing for each document it seeks to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136–37. If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion of the documents they believe should be sealed. *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

/ / /

To show good cause, the moving party must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc.*, 187 F.3d at 1103, that "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakama*, 447 F.3d at 1184. Likewise, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are also insufficient. *Phillips*, 307 F.3d at 1211. Further, if the movant wishes to seal an entire document, it must show that the possibility of prejudice or harm would not be defeated by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d at 425; *Foltz*, 331 F.3d at 1137.

## ANALYSIS

## I.    Motions to Seal Regarding Plaintiffs' Motion for Class Certification

Plaintiffs seek to file under seal portions of and exhibits submitted with their Motion for Class Certification (ECF No 62). *See generally* ECF No. 60. Plaintiffs contend that their Motion for Class Certification relies heavily upon materials designated as confidential pursuant to the Protective Order (ECF No. 33) in this matter, including documents related to Defendant's business, Defendant's interrogatory responses, and various deposition transcripts. *Id.* at 3. Plaintiffs maintain "no further position" on the confidentiality designations and submit that "the burden is on the producing party to show why the document or information it has designated as confidential should remain as such." *Id.* Defendant likewise seeks to file under seal portions of and exhibits submitted with its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 78). *See generally* ECF No. 76. Defendant contends that its Opposition substantially refers to and relies on documents previously designated as confidential pursuant to the Protective Order. *Id.*

The compelling reasons standard applies to the Parties' motions to seal since a motion for class certification is more than tangentially related to the merits of the case. *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458,

at *2 n.1 (C.D. Cal. July 3, 2018) (collecting cases). Neither Plaintiffs nor Defendant offer any reasons beyond the documents' confidentiality designations as grounds for granting leave to seal the documents. *See generally* ECF Nos. 60, 76. The Parties thus fail to overcome the strong presumption of access to judicial records and documents. *See Foltz*, 331 F.3d at 1135. The Court also notes that an existing protective order is not in itself automatic grounds for subsequently granting leave to file documents under seal. *See Kamakana*, 447 F.3d at 1183 (first citing *Foltz*, 331 F.3d at 1138; then citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992)).

Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to File Documents Under Seal Regarding Plaintiffs' Motion for Class Certification (ECF No. 60) and Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 76).

## II. Defendant's Motion to Seal Regarding Defendant's Motion to Exclude Plaintiffs' Expert Prof. Ronald J. Mann

Defendant seeks to file under seal portions of and exhibits submitted with its Motion to Exclude Plaintiffs' Expert Prof. Ronald J. Mann (ECF No. 81). *See generally* ECF No. 79. Defendant submits that its Motion to Exclude relies upon deposition testimony and record evidence designated as confidential pursuant to the Protective Order. *Id.* at 1.

Because Defendant's underlying Motion to Exclude is not more than tangentially related to the merits of the case, the less stringent good cause standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1099 (noting that "nondispositive motions are sometimes not related, or only tangentially related, to the merits of a case"). The good cause standard nonetheless requires a showing of specific harm as to each document a party seeks to file under seal. *See San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1210–11.

Here, Defendant's Motion to Seal regarding its Motion to Exclude suffers from the same deficiencies as its Motion to Seal regarding its Opposition in that it fails to identify any reasons beyond the documents' confidentiality designations as grounds for leave to file

the documents under seal.  As noted above, Defendant's reliance on the Protective Order alone is insufficient for the Court to grant leave to file under seal.  *See Stoba v. Saveology.com, LLC*, No. 13-CV-02925-BAS(NLS), 2016 WL 1257501, at *2 (S.D. Cal. Mar. 31, 2016) ("A blanket protective order is not itself sufficient to show 'good cause' for sealing particular documents.") (first citing *Foltz*, 331 F.3d at 1133; then citing *Beckman Indus., Inc.*, 966 F.2d at 476; and then citing *San Jose Mercury News, Inc.*, 187 F.3d at 1103).

Accordingly, the Court **DENIES** Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Motion to Exclude Plaintiffs' Expert Prof. Ronald J. Mann (ECF No. 79).

**III.    Defendant's Motion to Seal Regarding Defendant's Motion to Strike Plaintiffs' Deposition Errata**

Defendant seeks to file under seal portions of and exhibits submitted with its Motion to Strike Plaintiffs' Deposition Errata (ECF No. 84).  *See generally* ECF No. 82.  Defendant submits that its Motion to Exclude relies in part upon an email that Defendant sent to Plaintiff Azlynne Hoard designated as confidential pursuant to the Protective Order.  *Id.* at 3.

Because Defendant's underlying Motion to Strike is not more than tangentially related to the merits of the case, the less stringent good cause standard applies.  *See Ctr. for Auto Safety*, 809 F.3d at 1099.  Again, Defendant's Motion to Seal regarding its Motion to Strike fails to identify any reasons beyond the email's confidentiality designation as grounds for leave to file it under seal.  *See San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1210–11.  And Defendant's reliance on the Protective Order alone is insufficient for the Court to grant leave to file under seal.  *See Stoba¸* 2016 WL 1257501, at *2 (citations omitted).

Accordingly, the Court **DENIES** Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Motion to Strike Plaintiffs' Deposition Errata (ECF No. 82).

## CONCLUSION

In light of the foregoing, the Court (1) **DENIES** Plaintiffs' Motion for Leave to File Documents Under Seal Regarding Plaintiffs' Motion for Class Certification (ECF No. 60); (2) **DENIES** Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 76); (3) **DENIES** Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Motion to Exclude Plaintiffs' Expert Prof. Ronald J. Mann (ECF No. 79); and (4) **DENIES** Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Motion to Strike Plaintiffs' Deposition Errata (ECF No. 82).

**IT IS SO ORDERED.**

Dated:  October 28, 2025

Hon. Janis L. Sammartino
United States District Judge

24-CV-1133 JLS (VET)