UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZLYNNE HOARD and CHIQUITA PLENTY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | Case No.: 24-CV-1133 JLS (VET)<br><br>**ORDER GRANTING DEFENDANT CAPITAL ONE, N.A.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTIONS TO SEAL** |

Presently before the Court is Defendant Capital One, N.A.'s Motion for Partial Reconsideration of Order Denying Motions to Seal ("Mot.," ECF No. 111). On October 28, 2025, the Court denied various motions to seal filed by the Parties, including Plaintiffs Azlynne Hoard's and Chiquita Plenty's Motion for Leave to File Documents Under Seal Regarding Plaintiffs' Motion for Class Certification ("Pls. Mot. to Seal," ECF No. 60) and Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Def. Mot. to Seal," ECF No. 76). Defendant now requests that the Court reconsider in part its Order denying the motions to seal. *See generally* Mot. As Defendant's present Motion contains a sufficient explanation for each document it seeks to seal in connection with Plaintiffs' Motion for Class

Certification (ECF No. 62) and its Opposition thereto (ECF No. 78), the Court construes Defendant's Motion as an Amended Motion to Seal.[1]

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* Under either standard, "an order sealing the documents must be narrowly drawn to seal only those

---

[1] The Court notes that reconsideration is a high standard, which Defendant likely has not met here. *See* S.D. Cal. CivLR 7.1(i)(1) (requiring the party seeking reconsideration to provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted) (Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.") (noting that a party may not raise new arguments or present new evidence if it could have reasonably raised them earlier). In its discretion and the interests of judicial efficiency, the Court therefore construes Defendant's instant Motion as an Amended Motion to Seal and cautions the Parties to include the proper analysis in future motions to seal.

portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases). A motion for class certification is more than tangentially related to the merits and is thus subject to the compelling reasons standard. *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 n.1 (C.D. Cal. July 3, 2018) (collecting cases).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 589, 599.

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (internal citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The movant must make this required particularized showing for each document it seeks to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136–

37. If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion of the documents they believe should be sealed. *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

Defendant asserts that portions of Plaintiffs' Motion for Class Certification and various attached exhibits, as well as Defendant's Opposition thereto and various attached exhibits, warrant sealing. Mot. at 6–17. Each document contains sensitive and confidential business information, "which would be competitively harmful if publicly revealed." *Id.* Such information relates to, among other things, the "processing and coding of credit card transactions and assessment of cash advance fees," "present and future . . . strategic projects," "proprietary data regarding credit card transactions," and Defendant's "approach to classifying credit card transactions and assessing cash advance fees." *Id.* at 6–17. Public disclosure of such information would harm Defendant because it could be "leveraged by [Defendant]'s competitors and vendors to gain unfair advantages in emulating, competing against, and negotiating with [Defendant] in the future." ECF No. 111-1 ("Seale Decl.") ¶¶ 3–33.

Having independently reviewed the documents Defendant seeks to seal, *see* ECF Nos. 61, 70, the Court finds that Defendant has met the compelling reasons standard. As Defendant contends, the documents contain sensitive and confidential business information, and courts generally find it appropriate to seal "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Defendant has made a particularized showing as to the basis for sealing each document. *See* Seale Decl. Additionally, the Court finds that Defendant's requests to seal are narrowly tailored to the portions of the documents containing confidential and sensitive business information. *See generally* Mot.

/ / /

/ / /

Accordingly, the Court **GRANTS** Defendant's Motion (ECF No. 111). The Clerk of the Court **SHALL FILE** under seal:

1. Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification ("Pls. Motion"), with redactions as indicated in Plaintiffs' sealed submission (ECF No. 61), at page i, lines 17, 22–25; page ii, line 1; Page 1, lines 7, 9; Page 3, lines 2, 4–5, 9–10, 20–21; Page 4, lines 10–12, 17–19, 27–28; Page 6, lines 10–13, 20–21; Page 7, lines 1–9, 13–17, 21–22; Page 8, lines 27–28; Page 9, lines 4–17, 19–23, 26–27; Page 10, lines 1–4, 7–28; Page 11, lines 1, 12–24, 27–28; Page 12, lines 1, 3–17; Page 13, lines 5–6, 8, 11–12; Page 14, line 27; Page 15, line 13; Page 27, lines 3, 17, 20–21; and Page 30, line 2.
2. Plaintiffs' Motion, Exhibit 12, in its entirety.
3. Plaintiffs' Motion, Exhibit 15, in its entirety.
4. Plaintiffs' Motion, Exhibit 24, in its entirety.
5. Plaintiffs' Motion, Exhibit 25, in its entirety.
6. Plaintiffs' Motion, Exhibit 26, in its entirety.
7. Plaintiffs' Motion, Exhibit 27, in its entirety.
8. Plaintiffs' Motion, Exhibit 28, in its entirety.
9. Plaintiffs' Motion, Exhibit 29, in its entirety.
10. Plaintiffs' Motion, Exhibit 30, in its entirety.
11. Plaintiffs' Motion, Exhibit 31, in its entirety.
12. Plaintiffs' Motion, Exhibit 32, in its entirety.
13. Plaintiffs' Motion, Exhibit 33, in its entirety.
14. Plaintiffs' Motion, Exhibit 34, in its entirety.
15. Plaintiffs' Motion, Exhibit 35, in its entirety.
16. Plaintiffs' Motion, Exhibit 36, in its entirety.
17. Plaintiffs' Motion, Exhibit 37, in its entirety.
18. Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class

Certification ("Opposition"), with redactions as indicated in Defendant's sealed submission (ECF No. 77), at page 6, lines 8–11; page 8, lines 17–26; page 9, lines 1–7, 10–13; page 10, lines 10–11; page 15, lines 10–14; page 16, lines 24–25; page 17, lines 5–9; page 18, lines 13–14, 20–21; page 19, lines 4, 13–16; and page 23, lines 8–9, 17–21.

19. Plaintiffs' Motion Exhibit 8 and Opposition Exhibit 18, as indicated in the redactions proposed by Plaintiffs and Defendant, at Pages 11:10–21:23, 22:11–36:19, 37:7–39:12, 39:18–40:12, 40:23–51:10, 56:1–90:8, 90:14–91:24, 92:7–153:18, 153:24–170:8, and 171:23–234:20.

20. Plaintiffs' Motion Exhibit 9 and Opposition Exhibit 19, as indicated in the redactions proposed by Plaintiffs and Defendant, at Pages 9:10–17, 11:8–38:21, 39:6–74:14, 76:21–120:5, and 120:16–164:2.

21. Opposition Exhibit 24, as indicated in the pages excerpted in Defendant's submission, at Pages 82:1–101:24 and 234:1–245:25.

22. Opposition Exhibit 37, in its entirety.

23. Opposition Exhibit 38, in its entirety.

24. Opposition Exhibit 39, in its entirety.

25. Opposition Exhibit 40, in its entirety.

26. Opposition Exhibit 41, in its entirety.

27. Opposition Exhibit 42, in its entirety.

28. Opposition Exhibit 37, in its entirety.

29. Motion Exhibit 3 and Opposition Exhibit 23, as indicated in the redactions proposed by Defendant, accompanying its Motion for Partial Reconsideration, at Paragraphs 9, 14–16, 20–23, 28, 30–35, 37, 43, 48, 53, 58–59, and 62; Footnotes 14, 22, 29, 31, 35, 38, and 51; Tables 1–21; Figures 1–2; Chart 1; and Page 3.

30. Opposition Exhibit 10, in its entirety, as indicated in the redactions proposed by Defendant, at Pages 15 (footnotes 30, 32); 22 (footnote 51); 25 (footnote

53); 33 (footnote 79); 36 (footnote 86); 42 (footnotes 106, 108, 109); 43, 45 (footnote 117); 46 (footnotes 118, 119); 50 (footnote 132); 53–57; 59-63; 64 (footnote 184); 65, 68 (footnotes 192–194); 69; 71; 73 (footnote 205); 74 (footnotes 208–209); and 76 (footnotes 214–215).

31. Opposition Exhibit 11, at Paragraphs 15, 21, 25, 27–29, 31, 35, 47–50, 54–55, 59, 63, 67, 69, 88, 90, 92, 96, 98, 100, and 115–116; Footnotes 9–10, 21, 47, 50–51, 62, 85, and 110; Tables 1–10, 12, 14, 16, 18, and 20–22; and Pages 77 and 82–116.

**IT IS SO ORDERED.**

Dated: November 24, 2025

Hon. Janis L. Sammartino
United States District Judge