

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AZLYNNE HOARD and CHIQUITA PLENTY, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CAPITAL ONE, N.A.,

Defendant.

Case No.:  24-CV-1133 JLS (VET)

**ORDER GRANTING MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID SKANDERSON**

(ECF No. 115)

Presently before the Court is Plaintiffs Azlynne Hoard's and Chiquita Plenty's Motion for Leave to File Documents Under Seal Regarding Plaintiffs' Reply in Support of Class Certification and Motion to Exclude Expert Testimony of David Skanderson ("Mot.," ECF No. 115).  Also before the Court is Defendant Capital One, N.A.'s Joinder in Plaintiffs' Motion to Seal and Memorandum in Support Thereof ("Joinder," ECF No. 131).

Plaintiffs seek to seal portions of their Reply Memorandum in Support of Motion for Class Certification ("Reply," ECF No. 117), portions of their Motion to Exclude Expert Testimony of David Skanderson ("Mot. to Ex.," ECF No. 118), and related exhibits, which include: "damages analyses performed by Capital One's testifying expert's firm, Charles

River Associates ("CRA"); Capital One's internal cash advance-related policies and procedures; data reflecting the volume and amounts charged in cash advance fees; internal directives concerning cash advance characterization; and documents and data from internal cash advance fee investigations." Mot. at 4. Plaintiffs also seek to seal portions of "the deposition transcripts of Capital One's damages and industry experts—Dr. David Skanderson and Hugh Gallagher." *Id.* The basis for sealing is Defendant Capital One, N.A.'s previous designation of the information as confidential. *Id.* Plaintiffs submit that they take "no further position on Capital One's designations as the burden is on the producing party to show why the document or information it has designated as confidential should remain as such." *Id.*

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass

the tangential relevance threshold, the "good cause" standard applies. *Id.* Under either standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 589, 599.

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (internal citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The movant must make this required particularized showing for each document [they] seek[] to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136–37. If, by contrast, compelling reasons do not support sealing an entire document, the

movant must offer compelling reasons to seal each portion of the documents they believe should be sealed.  *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

## DISCUSSION

Plaintiffs seek to file under seal portions of their Reply, Motion to Exclude, and related exhibits because of Defendant's previous designation of the information as confidential.  Mot. at 4.  Defendant explains that the information and documents are "competitively sensitive and would cause [Defendant] to suffer harm if the information were publicly filed."  Joinder at 1.  Such information relates to, among other things, the "processing and coding of credit card transactions, confidential calculations that are based on and reveal sensitive Capital One data, and confidential deposition testimony from [Defendant]'s damages expert."  ECF No. 131-1 ("Seale Decl.") ¶ 3.  Public disclosure of such information would harm Defendant because it could be "leveraged by [Defendant]'s competitors and vendors to gain unfair advantages in emulating, competing against, and negotiating with [Defendant] in the future."  *Id.*

Having independently reviewed the documents the Parties seek to seal, the Court finds the compelling reasons standard is met.  As Defendant contends, the documents contain sensitive and confidential business information, and courts generally find it appropriate to seal "business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  Defendant has made a particularized showing as to the basis for sealing each document.  *See* Seale Decl.  The Court finds that the requests to seal are narrowly tailored to the portions of the documents containing confidential and sensitive business information.  *See generally* ECF No. 116.  The Court has also previously granted leave to file similar information under seal.  *See* ECF No. 122.

/ / /

/ / /

/ / /

Accordingly, the Court **GRANTS** Plaintiffs' Motion (ECF No. 115). The Clerk of the Court **SHALL FILE** under seal the sealed lodged proposed documents (ECF No. 116).

**IT IS SO ORDERED.**

Dated: January 9, 2026

Hon. Janis L. Sammartino
United States District Judge

24-CV-1133 JLS (VET)