UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZLYNNE HOARD and CHIQUITA PLENTY, individually and on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>                   Defendant. | Case No.:  24-CV-1133 JLS (VET)<br><br>**ORDER REGARDING NON-PARTY PAYPAL, INC'S AMENDED MOTION TO INTERVENE AND APPLICATION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 138) |

Presently before the Court is Non-Party PayPal Inc.'s ("PayPal") Amended Motion to Intervene and Application for Partial Reconsideration of Order Denying Motions to File Documents Under Seal ("Am. Mot.," ECF No. 123).  Plaintiffs Azlynne Hoard and Chiquita Plenty and Defendant Capital One, N.A. (collectively, "the Parties") do not oppose the Amended Motion.  *See* ECF Nos. 142, 143.  For the reasons stated below, the Court **GRANTS** the Amended Motion.

/ / /

/ / /

/ / /

## MOTION TO INTERVENE

### I.    Legal Standard

Permissive intervention under Federal Rule of Civil Procedure 24(b) "is committed to the broad discretion of the district court." *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986) (citing *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985)).  Such intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see also* Fed. R. Civ. P. 24(b).  "[T]he primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on the merits." *Beckman Indus., Inc.*, 966 F.2d 470 at 472.  However, a non-party seeking to intervene may also intervene for a limited purpose.  *See id.* at 473 (citing cases).  When a non-party does not seek to litigate a claim on the merits, "an independent jurisdictional basis is not required."  *Id.*  In determining whether a motion to intervene is timely, courts consider (1) "the stage of the proceeding at which an applicant seeks to intervene"; (2) "the prejudice to other parties"; and (3) "the reason for and length of the delay." *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995); *see also* Fed. R. Civ. P. 24(b)(3).

### II.    Analysis

PayPal seeks to intervene to ensure its confidential business information, previously produced by PayPal in this case, remains under seal to prevent any competitive harm.  Am. Mot. at 4.  PayPal submits that at the time Plaintiffs moved for class certification and the Parties thereafter filed Motions to Seal, *see* ECF Nos. 60, 76, the Parties did not give advance notice of their intent to file any material previously produced by PayPal.  Am. Mot. at 2.  PayPal also contends that the Court issued its Order Denying the Parties' Motions to Seal, *see* ECF No. 96, before it filed its own briefing and declarations in support of the Motions to Seal.  *Id.* at 1.  Therefore, PayPal seeks to intervene for the limited purpose of sealing its confidential information not yet sealed in this case.

The Court is satisfied PayPal has met the standard for permissive intervention. Because PayPal seeks to intervene for a limited purpose and not to litigate the merits, an independent ground for jurisdiction is not required. *Beckman Indus., Inc.*, 966 F.2d 470 at 473. The Court finds that PayPal's instant Amended Motion was timely filed pursuant to the Court's December 2, 2025, Order, *see* ECF No. 136, and granting its request to intervene will not prejudice the Parties, who do not oppose the request, or otherwise impact the March 12, 2026, hearing on Plaintiffs' Motion for Class Certification.[1] Furthermore, courts have granted a non-party's motion to intervene for the limited purpose of maintaining confidentiality designations in connection with a party's underlying motion to seal, as is the case here. *See, e.g., California Parents for Equalization of Educ. Materials v. Torlakson*, No. 17-CV-00635-CRB(JSC), 2018 WL 3930141, at *6 (N.D. Cal. Aug. 16, 2018) (granting non-party's motion for permissive intervention "for the limited purpose of joining [litigants]'s motion to maintain confidential designation and amending the Protective Order"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 3958232, at *2 (N.D. Cal. July 29, 2013) (granting non-party's motion for permissive intervention "for the limited purpose of sealing portions of its patent license agreement"). This satisfies the liberally construed requirement that proposed intervenors share a common issue of law with the main action. *See Bureerong v. Uvawas*, 167 F.R.D. 83, 85–86 (C.D. Cal. 1996).

Accordingly, the Court **GRANTS** PayPal's request for permissive intervention for the limited purpose of bringing its Application for Partial Reconsideration.

/ / /

---

[1] PayPal acknowledges that waiting to file its supporting briefing until fourteen days before the hearing on Plaintiffs' Motion for Class Certification, previously scheduled for January 15, 2026, *see* Docket, "may not have afforded enough time to rule" on PayPal's initial Motion to Intervene (ECF No. 123). Am. Mot. at 6. n.2. PayPal submits that it will timely file supporting briefing for any future filings implicating PayPal. *Id.*

24-CV-1133 JLS (VET)

## MOTION TO SEAL[2]

### I. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* Under either standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases). A motion for class

---

[2] The Court construes PayPal's Amended Application for Partial Reconsideration as an Amended Motion to Seal, as it previously did for Defendant's Motion for Partial Reconsideration. *See* ECF No. 122 at 2 n.1; *see also* Am. Mot. at 10 n.4.

certification is more than tangentially related to the merits and is thus subject to the compelling reasons standard. *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 n.1 (C.D. Cal. July 3, 2018) (collecting cases).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 589, 599.

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (internal citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The movant must make this required particularized showing for each document [they] seek[] to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136–37. If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion of the documents they believe should be sealed. *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL

4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

## II.    Analysis

PayPal seeks to file under seal portions of Plaintiffs' Motion for Class Certification (ECF No. 62) and accompanying exhibits and portions of Defendant's Opposition (ECF No. 78) and accompanying exhibits because the documents contain PayPal's confidential business information, which relates to: "technical details pertaining to both the 'front-end' and 'back-end' operation of the Venmo platform"; "internal processing and coding of transactions occurring on the Venmo platform, including transactions funded by credit cards"; "details of PayPal's business relationship and communications with its vendors and partners"; "Venmo's and PayPal's policies and procedures for coding and processing financial transactions occurring on the Venmo platform, changes to those policies and procedures, and the business rationales for those policies, procedures, and changes": "[f]inancial transactions by PayPal users"; and, other "aspects of Venmo's and PayPal's business, operations, and strategy."  Am. Mot. at 12.  Public disclosure of this information would harm PayPal because it "could be leveraged by PayPal's competitors and vendors to gain unfair advantages in emulating, competing against, and negotiating with PayPal in the future."  *Id.* at 12–13 (internal citation omitted).  Furthermore, public disclosure would harm PayPal's business relationships and erode trust in PayPal's platforms.  *Id.* at 13.

Having independently reviewed the documents PayPal seeks to seal, the Court finds the compelling reasons standard is met.  As PayPal contends, the documents contain sensitive and confidential business information, and courts generally find it appropriate to seal "business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  PayPal has made a particularized showing as to the basis for sealing each document.  *See* Am. Mot. at 13–16.  The Court finds that the requests to seal are narrowly tailored to the portions of the documents containing confidential and sensitive business information.  *See id.*  The Court has also previously granted leave to file similar information under seal.  *See* ECF No. 122; *see also* Am. Mot. at 17.

Accordingly, the Court **GRANTS** PayPal's Motion (ECF No. 138).  The Clerk of the Court **SHALL FILE** under seal the following documents or portions of documents under seal:

| Document | Portion(s) |
|---|---|
| Plaintiffs' Memorandum in Support of Motion for Class Certification | Pages 6:17-20, 6:26-28, 7:8-9, and 7:25-26 |
| Plaintiffs' Motion for Class Certification, Exhibit 10 | Pages PAYPAL_003554, PAYPAL_003557, and PAYPAL_003560-63 |
| Plaintiffs' Motion for Class Certification, Exhibit 14 | Pages 17:19-20, 19:14-16, 19:20-21, 19:23-24, 23:2-3, 24:13-14, 25:19-22, 26:1-5, 28:4-24, 29:3, 29:5-8, 29:15-17, 29:23-25, 30:3-4, 31:20-21, 33:2-6, 33:10-11, 33:18-19, 37:6-7, 38:21-24, 39:4-8, 41:14, 45:12-16, 45:20-21, 45:25-46:1, 49:23-50:1, 50:3-4, 51:6-7, 53:18-22, 54:2-5, 54:10-23, 54:25-55:7, 55:9-12, 55:14-16, 55:18-20, 55:22-56:2, 56:4-7, 56:12-14, 56:16-20, 57:2-20, 57:22-23, 58:1-4, 58:8-11, 58:13-14, 58:16-17, 59:20-21, 61:3-5, 62:16-18, 62:20, 62:23-24, 63:8-10, 63:18-22, 64:1-2, 67:21-22, 67:25, 68:2-3, 68:12-13, 68:15-16, 68:21-22, 69:1-2, 69:8, 69:11-12, 69:14, 69:19, 69:24-25, 91:12-16, 92:4-6, 92:10-12, 92:14-15, 92;21-22, 92:24-25, 93:2-7, 93:12-13, 93:17-19, 94:4-6, 94:9-12, 94:18-21, 94:23-24, 95:2-8, 105:4-6, 105:8-13, 105:15-16, 105:19-21, 105:23-106:3, 106:6-15, 107:3-6, and 116-144 |
| Plaintiffs' Motion for Class Certification, Exhibit 21 | Entirety |
| Plaintiffs' Motion for Class Certification, Exhibit 23 | Entirety |
| Defendant's Opposition to Class | Pages 30:3-4, 31:20-21, 33:2-6, 33:10-11, and 33:18-19. |

| Certification, Exhibit 16 | |
|---|---|

**IT IS SO ORDERED.**

Dated:  January 9, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

24-CV-1133 JLS (VET)