UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZLYNNE HOARD, individually and on behalf of themselves and all others similarly situated, et al.,<br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br>Defendant. | Case No.: 24-CV-1133 JLS (VET)<br><br>**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (3) APPROVING NOTICE AND NOTICE PLAN; (4) APPOINTING CLASS REPRESENTATIVES, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR; AND (5) SETTING SCHEDULE FOR FINAL APPROVAL**<br><br>(ECF No. 184) |

Presently before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Mot.," ECF No. 184). Having reviewed the terms of the proposed settlement agreement, Plaintiff's arguments, and the law, the Court concludes that the settlement falls within the range of reasonableness warranting preliminary approval. Accordingly, the Court **GRANTS** the Motion, as follows.

/ / /

## BACKGROUND

Plaintiffs filed the class action against Capital One based on its policy of assessing Cash Advance Fees on Cash Advance Transactions. The Complaint alleged claims on behalf of a nationwide class for breach of contract and breach of the implied covenant of good faith and fair dealing. Joint Decl. ¶ 2. Capital One then moved to dismiss Hoard's Complaint, which was largely denied. *Id.*

Extensive discovery followed. Capital One produced tens of thousands of pages of documents—including more than 3,500 documents concerning its cash advance policies—together with transaction-level data encompassing millions of transactions. *Id.* Plaintiffs deposed Capital One under Rule 30(b)(6), deposed several Capital One employees, and pursued third-party discovery, including depositions, from Mastercard, Visa, Venmo, Block, Inc. (Cash App), PayPal, and Capital One's payment processor. *Id.* ¶ 5. Capital One also deposed the named Plaintiffs. *Id.* ¶ 5. Discovery was also hard-fought: Magistrate Judge Torres presided over numerous discovery conferences and disputes, including Plaintiffs' successful motion to compel the production of interest data, ECF Nos. 41–42, and orders requiring Capital One to produce full class wide transaction and rewards data, ECF Nos. 50, 53. Plaintiffs also developed expert analyses concerning liability and damages. Joint Decl. ¶ 7.

Plaintiffs next moved for class certification, supported by those expert reports. *Id.* ¶ 8. Capital One opposed certification, moved to exclude Plaintiffs' liability expert, and moved to strike Plaintiffs' deposition errata. *Id.* Plaintiffs replied in support of certification and moved to exclude Capitol One's expert testimony. *Id.* All experts were deposed, and the class certification motion, the cross-motions to exclude experts, and the motion to strike were fully briefed and set for hearing on March 12, 2026. *See id.*; *see also* ECF Nos. 135, 158, 161, 163, 166.

On January 28, 2025, the Parties participated in an ENE with Judge Torres. Joint Decl. ¶ 9. The case did not resolve at the ENE, and the Parties continued to litigate. *Id.* On August 26, 2025, the Parties attended a full-day in-person mediation before Robert A.

Meyer, Esq., of JAMS, followed by months of continued mediator-assisted negotiations while the Parties litigated, which resulted in an agreement to the material terms of this Settlement. *Id.* On March 10, 2026—two days before the scheduled hearing on class certification and the cross-motions to exclude experts—the Parties notified the Court that they had reached an agreement to settle in principle on a class-wide basis, and the Court vacated the hearing. *Id.* ¶ 10. The Parties then negotiated the Agreement now pending preliminary approval. *Id.*; *see id.* Ex. A ("Settlement Agreement").

## SETTLEMENT TERMS

### I. Proposed Settlement Class

The Settlement Class includes:

> All holders of a Capital One credit card who were, from May 23, 2019, through the date of entry of the Preliminary Approval Order, charged At-Issue Cash Advance Fees. Excluded from the Settlement Class are: (a) officers and directors of Capital One, N.A. and its parents, subsidiaries, affiliates, and any entity in which it has a controlling interest; (b) all judges assigned to hear any aspect of the Litigation, as well as their staff and immediate family; and (c) Settlement Class Counsel, as well as their staff and immediate family.

Settlement Agreement § 1.46.

### II. Proposed Monetary Relief

Capitol One shall pay a total amount of $18,500,000 into the Settlement Fund. *Id.* §§ 1.54, 3.2(a)–(b). The Settlement Fund shall be used to pay (1) Notice and Settlement administration costs; (2) Class Counsel's attorneys' fee award, not to exceed one-third of the Settlement Fund's value, or $6,166,666,67; (3) Class Counsel's litigation costs, not to exceed $1,300,796; (4) $7,500 service awards to Settlement Class Representatives Azlynne Hoard and Chiquita Plenty and $2,500 service awards to Settlement Class Representatives Jason Freeman, Michael Goldstein, and Shelby Kennedy; and (5) claim payments to Settlement Class Members. *Id.* §§ 3.2–3.4.

Each Settlement Class Member may submit a Claim Form to request a Claim Payment. *Id.* § 1.9. The Approved Claim Amount is calculated as the dollar value of all At-Issue Cash Advance Fees the Claimant was assessed during the Class Period, as

reflected in the Transaction Data Capital One will produce. *Id.* § 3.2(d)(viii). This amount is subject to *pro rata* increase or decrease depending on whether the aggregate value of Approved Claims exceeds or is less than the funds available for distribution from the Net Settlement Fund. *Id.* If redistribution to already approved claimants is not economical, remaining funds will be donated to a cy pres recipient approved by the court. *Id.* § 3.2(d). Thus, no amount of the Settlement Fund will revert to Capitol One. *Id.* §§ 1.51, 3.2(c)–(d), 3.3(b).

## RULE 23 CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees). Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, Plaintiffs seeks to certify the Settlement Class under Rule 23(b)(3). *See* Mot. at 22. This rule permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b)(3). The Court addresses each of these requirements in turn.

**I. Rule 23(a) Requirements**

***A. Numerosity***

"[A] proposed class must be 'so numerous that joinder of all members is impracticable.'" *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010) (quoting Fed. R. Civ. P. 23(a)(1)). While "[t]he numerosity requirement is not tied to any fixed numerical threshold[,] . . . [i]n general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Id.* at 651. Numerosity is easily satisfied here, as the Proposed Class exceeds four million members. Joint Decl. ¶ 34.

***B. Commonality***

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, "[a]ll questions of fact and law need not be common." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)) (cleaned up). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* (quoting *Hanlon*, 150 F.3d at 1019). The common contention, however, "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

The Court agrees with Plaintiffs that commonality is easily satisfied. Plaintiffs presented evidence that proposed Class Members were subject to the same form Cardholder Agreement and were all charged cash advance fees ("CAFs") on P2P transactions. Because proposed Class Members were subject to the same agreement, a determination as to the meaning of the term "cash advance" may be resolved on a class-wide basis. Capital One's actions with respect to charging CAFs on P2P transactions also apply equally to all class members. *See Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-CV-

00191-AJB-DEB, 2023 WL 6120685, at *5 (S.D. Cal. Sept. 18, 2023) ("Where common questions stem from the same source, or focus on the defendant's conduct, commonality is generally satisfied.").

### *C. Typicality*

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiff's claims must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). The Ninth Circuit has explained that "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

Here, Plaintiffs' claims are identical to those of the proposed Class—they are all Capital One cardholders who were charged CAFs on P2P transactions. Plaintiffs and the proposed Class Members "have the same or similar injury . . . based on conduct which is not unique to" Plaintiffs, arising from "the same course of conduct" by Capital One. *Schwartz*, 108 F.R.D. at 282. Accordingly, the Court finds that typicality is satisfied. *See Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1463 (9th Cir. 1995) (holding that typicality is satisfied where named plaintiffs have the same claims as other class members and are not subject to unique defenses).

### *D. Adequacy*

Rule 23(a)(4) also requires that "the representative parties will fairly and adequately protect the interests of the class." "To determine whether the representation meets this standard, [courts] ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton*, 327 F.3d at 957.

The Court finds both inquiries satisfied. Nothing indicates that the Class Representatives or Class Counsel have interests contrary to those of the Class Members. Rather, the Class Representatives share a common interest in remedying allegedly unauthorized fees and will receive relief on the same pro rata terms as every other Class Member. Hoard and Plenty have also "vigorously" prosecuted the case by sitting for depositions, responding to discovery requests, and producing documents. Joint Decl. ¶ 35. And Class Counsel are experienced consumer class action attorneys, having litigated many actions involving breach of contract and consumer protection cases in the finance space. *Id.* ¶ 36.

## II. Rule 23(b)(3) Requirements

As the Court finds that Rule 23(a)'s requirements are met, it turns to Rule 23(b). Rule 23(b)(3) states that a class may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### *A. Predominance*

The predominance analysis focuses on "the legal or factual questions that qualify each class member's case as a genuine controversy" to determine "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623; *see also* Fed. R. Civ. P. 23(b)(3) (to certify a class, the court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members"). "Considering whether questions of law or fact common to class members predominate begins . . . with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) (internal quotation marks omitted). A court must analyze these elements to "determine which are subject to common proof and which are subject to individualized proof." *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 594 (S.D. Cal. 2010) (citation omitted).

/ / /

The Court finds that common questions predominate. Interpreting the meaning of "cash advance" in the Cardholder Agreement, which contains the same provision defining "cash advance" for all proposed Class Members, is subject to common proof. *See Beaver*, 2023 WL 6120685, at *5, 14 (collecting cases) ("[C]laims arising from interpretations of a form contract appear to present the classic case for treatment as a class action, and breach of contract cases are routinely certified as such."). As is Capitol One's alleged bad faith and unreasonable conduct. *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 666, 680 (S.D. Fla. 2011) (cleaned)) ("[A] breach of the duty [of] good faith and fair dealing may be shown by class-wide evidence of a defendant's subjective bad faith or objectively unreasonable conduct.").

***B. Superiority***

The final requirement for class certification is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3). "In determining superiority, courts must consider the four factors of Rule 23(b)(3)." *Zinser*, 253 F.3d at 1190. The Rule 23(b)(3) factors are:

> (A) [T]he class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). The superiority inquiry focuses "on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (internal quotation marks and citation omitted). A district court has "broad discretion" in determining whether class treatment is superior. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

The Court finds that the Rule 23(b)(3) factors are met. A class action is the superior method to adjudicate this case, given the size of the Proposed Settlement Class and that the

factual and legal issues arise out of the same alleged conduct by Capital One. Further, there is no evidence pointing to individual Class Members' interest in litigating separate actions or pre-existing litigation of the same claims against Capital One. Accordingly, superiority is satisfied.

## III. Conclusion

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rules 23(a) and (b)(3). Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

## RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Federal Rule of Civil Procedure 23(e)(2) requires that class action settlements be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). But at the preliminary approval stage, the Court need not fully appraise a settlement's fairness because the Court cannot fully assess several factors without notice and an opportunity to object. *Dennis v. Kellogg Co.*, No. 09-CV-1786-IEG-WMC, 2013 WL 1883071, at *4 (S.D. Cal. May 3, 2013). Rather, "the proposed settlement need only fall within 'the range of possible approval.'" *Id.* (quoting *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008)). At this point, courts are primarily concerned with three things: (1) whether there are grounds to doubt the settlement's fairness, (2) whether the settlement proposes excessive compensation for attorneys, and (3) whether the settlement contains other blatant deficiencies. *Alberto*, 252 F.R.D. at 666.

## I. The Settlement's Fairness

Rule 23(e)(2) prescribes several factors for courts to consider when assessing fairness:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to

the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010) (quoting *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *5 (N.D. Cal. Feb. 17, 2016)). "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

Here, the Court finds no grounds to doubt the Settlement's fairness. The class is represented by experienced class action attorneys, and the settlement was negotiated at arm's length by sophisticated counsel and with the assistance of a third-party mediator. Mot. at 12. The Settlement appears to be adequate under the circumstances, representing between 13.5% and 40% of the most likely recovery in this matter. Mot. at 16; *see In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (approving settlement of roughly one-sixth of the potential recovery). And, as distribution is pro rata across the Settlement Class, all class members are treated equitably. *See Morgan v. Rohr, Inc.*, No. 3:20-CV-00574-GPC-AHG, 2025 WL 1285830, at *14 (S.D. Cal. May 1, 2025) (finding "there is little to no risk of unequal treatment" where each settlement class member payment is "calculated pro rata").

## II. Attorney Compensation

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). A district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Id.* Relevant factors for analyzing special circumstances include (1) the results achieved; (2) the risks of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

Because Class Counsel requests attorneys' fees of one-third of the Settlement Fund's value, special circumstances must be present. The Court finds that they are.

In light of the risks Class Counsel faced, the Court finds that the results achieved are substantial. The Parties settled two days before the class certification hearing, where Plaintiffs also faced the possibility that their experts would be excluded. 2d Joint Decl. ¶¶ 11, 15, 32. Moreover, Plaintiffs prosecuted a novel theory of liability. Class Counsel claims that this was a first-of-its-kind class action. And the Court is unaware of anything indicating the contrary. Indeed, similar class action cases have appeared after this case was filed, indicating that other attorneys are following Class Counsel's lead. *See, e.g., Doe v. JPMorgan Chase Bank, N.A.*, 26-CV-24587 (S.D. Fla. 2026). Class Counsel also appears to have substantial experience in financial/consumer protection class actions, including five class actions against Defendant. Joint Decl. ¶¶ 11–15. Lastly, the fee award is on par with those granted in similar cases. *See, e.g., Stephenson v. Navy Federal Credit Union*, No. 23-CV-1851-WQH-KSC, ECF No. 72 (S.D. Cal. Feb. 9, 2026) (awarding fees of one-third of the settlement value in a novel consumer class action against a financial institution). The lodestar confirms this, as the requested fee award represents a 1.34 multiplier on Class Counsel's lodestar amount. 2d Joint Decl. ¶¶ 105–106, 109. This is within the range that other courts in this district have approved. *See, e.g., Cordova v. BAE Sys. Tech. Sols. &*

*Servs., Inc.*, No. 20-CV-2425 JLS (MDD), 2022 WL 1720364, at *5 (S.D. Cal. May 27, 2022).

Because there are no other glaring deficiencies, the Court finds that, at this preliminary stage, the Settlement is fair, reasonable, and adequate under Rule 23(e)(2). The Court thus **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval.

## PROPOSED SETTLEMENT NOTICE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Because the Court has provisionally certified the class under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

The Court finds that the method of notice is adequate. No later than thirty days after the entry of this Order, the Settlement Administrator will provide notice to the Settlement Class by email and mail using Capitol One's transaction data. Settlement Agreement §§ 1.31, 4.2, 4.3(a). The Settlement Administrator will also maintain a website and toll-free helpline for Settlement Class Members to obtain information about the litigation and settlement. *Id.* § 4.3(d).

/ / /

The Court also finds that the substance of the notice is sufficient. Each notice describes the Parties and the litigation; who is a Settlement Class Member; the Class Members' legal rights, including the ability to participate, opt out, or object, and deadlines for each option; the details of the relief, including how attorneys' fees and costs will be allocated; and how to contact the Settlement Administrator. ECF No. 188 ("Amended Proposed Class Notices") Ex. D–F.

Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Preliminary Approval Motion (ECF No. 184) and **ORDERS**:

1. Terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

3. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

4. Pending final determination of whether the Settlement Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum.

5. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court **PRELIMINARILY CERTIFIES**, for settlement purposes only, the following Settlement Class:

> All holders of a Capital One credit card who were, from May 23, 2019, through the date of entry of the Preliminary Approval Order, charged At-Issue Cash Advance Fees. Excluded from the Settlement Class are: (a) officers and directors of Capital One, N.A. and its parents, subsidiaries, affiliates, and any entity in which it has a controlling interest; (b) all judges assigned to hear any aspect of the Litigation, as well as their staff and immediate family; and (c) Settlement Class Counsel, as well as their staff and immediate family.

6. The Court **PRELIMINARILY APPROVES** the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

7. The Court **APPOINTS** KalielGold PLLC; Edelsberg Law, P.A.; and Shamis & Gentile, P.A. as Class Counsel for the Settlement Class.

8. The Court **APPOINTS** Azlynne Hoard, Chiquita Plenty, Jason Freeman, Michael Goldstein, and Shelby Kennedy as Class Representative for the Settlement Class.

9. The Court **PRELIMINARILY APPROVES** the form and substance of the Proposed Notice set forth in the Settlement Agreement, *see* Amended Proposed Class Notices, and **APPROVES AND APPOINTS** Epiq Class Action and Claims Solutions, Inc. ("Epiq") to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein. The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). The Court further concludes that the Notice Procedure constitutes the best notice practicable under the circumstances. As provided in the Settlement Agreement, Epiq Settlement Administrators **SHALL PROVIDE** notice to the Class Members and respond to Class Member inquiries. Within thirty (30) days of the date on which this Order is electronically docketed, Epiq Settlement Administrators **SHALL DISSEMINATE** the Notice in the Forms attached as Exhibits D–F to the Amended Proposed Class Notices in the manner and form provided in the Settlement Agreement.

10. The Court **SETS** a Final Approval Hearing on May 6, 2027, at 1:30 P.M. in Courtroom 4D of the Edward J. Schwartz United States Courthouse, 221 W. Broadway, San Diego, CA 92101, to consider: (a) whether the Class should be finally certified for settlement purposes; (b) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (c) Class Counsel's application for attorneys' fees and expenses; and (d) Plaintiff's request for a service award. At the Final Approval Hearing, the Parties also shall be prepared to update the Court as to any new developments, including any untimely submitted objections or any other issues as the Court deems appropriate. The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice to be mailed to all Class Members.

11. No later than twenty-eight (28) days before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class Action Settlement. The Motion **SHALL INCLUDE AND ADDRESS** any Objections or responses received as of the filing date.

12. No later than twenty-one (21) days before the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorney fees, costs, and a Class Representative Service Award. Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled.

13. The Court orders the following schedule for further proceedings:

| Event | Date |
|---|---|
| Notice | 30 days after entry of this Order |
| Last day for Settlement Class Counsel to file motion for Settlement Class Counsel Attorneys' Fees and Costs Award | 21 days before the Final Approval Hearing |
| Claims Submission Deadline | 105 days after entry of this Order |
| Exclusion/Objection Deadline | 105 days after entry of this |

| | Order |
|---|---|
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement | 28 days before the Final Approval Hearing |
| Last day to file oppositions (if any) to the motion for final approval of the Settlement | 14 days after the filing of the motion for final approval of the Settlement Agreement |
| Last day to file any replies in further support of the motion for final approval of the Settlement and the motions for Settlement Class Counsel Attorneys' Fees and Costs Award | 28 days after the filing of the motion for final approval of the Settlement Agreement |
| Final Approval Hearing | May 6, 2027 at 1:30 P.M. |

**IT IS SO ORDERED.**

Dated: November 19, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge